UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICK CAMPBELL,

                           Plaintiff,

     v.

CELLCO PARTNERSHIPS d/b/a VERIZON         Civil Action No.: 10-cv-9168
WIRELESS, INC. and PAT DEVLIN,

                           Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

 

THE COCHRAN FIRM
Derek S. Sells, Esq. (DS 8891)
Tracey L. Brown, Esq. (TB4094)
233 Broadway, 5th Floor
New York, New York 10279
T: (212) 553-9120
F: (212) 227-8763
dsells@cochranfirm.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT...........................................................................................1

RELEVANT FACTS.............................................................................................................1

ARGUMENT.........................................................................................................................2

    I.    AS THE PREVAILING PARTY IN THIS ACTION, THE PLAINTIFF'S COUNSEL IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS........................................................................................................................2

        A.  Standard................................................................................................................2

        B.  The Lodestar Method of Determining a Reasonable Fee.................................3

    II.   THE ATTORNEYS' FEES SOUGHT BY THE PLAINTIFF'S COUNSEL ARE REASONABLE AND GROWING.....................................................................6

        A.  Prevailing Attorney Rates in the Southern District of New York.................7

        B.  Plaintiff's Discrimination and Retaliation Claims were Sufficiently Intertwined Such That No Reduction is Warranted for the Work Performed on the Dismissed Claims.........................................................................................7

    III.  THE COCHRAN FIRMS' HOURS ARE REASONABLE AND DOCUMENTED WITH THE REQUISITE SPECIFICITY.........................................8

    IV.  PLAINTIFF IS ENTITLED TO ADDITIONAL FEES AND COSTS..............9

        A.  Plaintiff is Able to Recover Fees for Work Done on Preparing Attorneys' Fee Application..............................................................................................................9

        B.  Plaintiff's Attorneys Should Be Compensated for Costs................................9

CONCLUSION....................................................................................................................10

**TABLES OF AUTHORITIES**

*CASES CITED*

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2007)..................................................................................................3, 6

Bonner v. Guccione, No. 94 Civ. 7735, 2000 WL 12152 (S.D.N.Y. Jan. 6, 2000)....................8

Blum v. Stenson, 465 U.S. 886 (1984)..................................................................4, 5, 6

Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998)........................................................7

Hensley v. Eckerhart, 461 U.S. 424 (1983)................................................................2, 4

Hugee v. Kimso Apartments, LLC , 2012 WL 1096086 (E.D.N.Y. Apr. 3, 2012)....................2

Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974)..................................3

LeBlanc- Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998)........................................5, 10

Luciano v. Osten Corp., 109 F.3d 111 (2d Cir. 1997)......................................................4

McGrath v. Toys "R" US, Inc., 788 N.Y.S.2d 281, 821 N.E.2d 519 (2d Cir. 2004)................3

Missouri v. Jenkins, 491 U.S. 274 (1989).....................................................................6

New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983).......8

Pennsylvannia v. Delaware Valley Citizens' Council, 478 U.S. 546 (1986).........................5

Perdue v. Kenny A., 130 S. Ct. 1662 (2010).......................................................3, 4, 5, 6

Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996).............................................9

Reiter v. Metro. Transp. Auth. of N.Y., 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007).............9

Riverside v. Rivera, 477 U.S. 561 (1986).....................................................................6

Rozell v. Ross Holst, 576 F.Supp.2d 527 (S.D.N.Y. 2008)..............................................7, 8

Seigal v. Merrick, 619 F.2d 160 (2d Cir. 1980).............................................................9

Shepard v. Law Offices of Cohen and Slamowitz, 08 Civ. 6199, 2010 U.S. Dist. LEXIS 125224 (S.D.N.Y. Nov. 29, 2010)........................................................................................3

Silberblatt v. Morgan Stanley, 524 F.Supp.2d 425 (S.D.N.Y. 2007)...................................7

Simmonds v. New York City Depart. of Corrections, 2008 WL 4303474 (S.D.N.Y. 2008)...... 9

Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989)......................2

Trustees of the N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines, 09 Civ. 9997, 2011 U.S. Dist. LEXIS 22041 (S.D.N.Y. Mar. 4, 2011)……………………………………………………………..3

Weingarten v. Optima Communications Systems, Inc., 544 F.Supp.2d 193, 196 (S.D.N.Y. 2008) (J. Scheindlin)……………………………………………………………………………….3, 8

Wilson v. Nomura Sec. Int'l Inc., 2002 1560614 (S.D.N.Y. July 15, 2002)……………….7, 8

U.S. Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989)...................10

**FEDERAL LAW CITED**
Federal Rule of Civil Procedure ("FRCP") 54………………………………………………….1

28 U.S.C. § 1988……………………………………………………………………………….5, 6

**MUNICIPAL LAW CITED**
New York City Human Rights Law NYC Admin. Code § 8-502 (f)…………………………1, 2, 3

Plaintiff, Patrick Campbell ("Plaintiff" or "Mr. Campbell"), through his attorneys, The Cochran Firm ("Plaintiff's Counsel") respectfully submits this Memorandum of Law in Support of their Motion for Attorneys' Fees and Costs, pursuant to Federal Rule of Civil Procedure ("FRCP") 54 and the New York City Human Rights Law (NYC Admin. Code § 8-502 (f)).

## PRELIMINARY STATEMENT

Plaintiff commenced this civil action against Defendants Cellco Partnerships d/b/a Verizon Wireless ("Defendants" or "VZW") to redress the unlawful employment practices he was forced to endure on account of his race and for complaining about race discrimination. After three weeks of trial, the jury delivered a verdict awarding Mr. Campbell $854,000 for lost wages and $200,000 for emotional distress damages. The emotional distress damage was subsequently reduced to $125,000 by this Court's Order on August 6, 2012.

As clearly established herein and in Derek S. Sells' Declaration, Plaintiff's counsel, as a prevailing party, is entitled to recover from the Defendants costs and fees for the time and expense incurred in litigating this matter. These costs and fees are recoverable from the case's inception in December 2009 through the submission of the present motion. The prevailing party in a New York City Human Rights law action is entitled to an award of attorneys' fees and costs. The public policy behind prevailing parties receiving attorneys' fees and costs is to ensure that future employees subjected to unlawful employment actions, like Plaintiff's termination here, can secure the lawyers needed to combat the vast resources of large corporations like that of the Defendants to vindicate their rights in a court of law.

## RELEVANT FACTS

The facts relevant to this motion are provided in the accompanying Declaration of Derek S. Sells, which provides a full recitation of the relevant facts and procedural history of this

1

matter. In Derek S. Sells' Declaration in Support of the Motion ("Sells' Declaration"), Plaintiff's counsel also has attached their contemporaneous recorded billing records reflecting the time and a disbursement record exhibiting the resources utilized to successfully prosecute this case. Under Second Circuit precedent, the Plaintiff is also entitled to recover taxable and discretionary costs.

## ARGUMENT

I. **AS THE PREVAILING PARTY IN THIS ACTION, THE PLAINTIFF'S COUNSEL IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS.**

A. Standard

Pursuant to New York City Human Rights Law, NYC Admin. Code § 8-502 (f):

> "In any civil action commenced pursuant to this section, the Court, in its discretion, may award the prevailing party costs and reasonable attorneys' fees. For the purposes of this subdivision, the term "prevailing" includes a Plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the Defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such Plaintiff's favor."

In order for a Plaintiff to qualify for an award of attorneys' fees as a "prevailing party," the plaintiff must first "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Specifically, the standard for New York City Human Rights law claims is broader than federal law in that all that need be shown by a prevailing party under the New York City Human Rights law is that the "plaintiffs commencement of litigation acted as a catalyst to effect policy change." Hugee v. Kimso Apartments, LLC , 2012 WL 1096086 (E.D.N.Y. Apr. 3, 2012). Once it has been established that the plaintiff is a prevailing party, the next step requires the Court to

2

determine what constitutes a reasonable award. See McGrath v. Toys "R" US, Inc., 788 N.Y.S.2d 281, 286, 821 N.E.2d 519, 522; Weingarten v. Optima Communications Systems, Inc., 544 F.Supp.2d 193, 196 (S.D.N.Y. 2008) (J. Scheindlin). It has long been held that NYC Admin. Code § 8-502 (f) should be interpreted "consistently with federal precedent" because "the attorneys' fee provision of the NYCHRL is textually indistinguishable from the federal statutes." McGrath, supra, 3 N.Y.3d at 426, 429, 788 N.Y.S.2d at 281, 821 N.E.2d at 519 (2004).

### B. The Lodestar Method of Determining a Reasonable Fee.

As the Supreme Court remarked, Section 1988 "does not explain what Congress meant by a 'reasonable' fee, and therefore the task of identifying an appropriate methodology for determining a 'reasonable' fee was left for the courts." Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010). In Perdue, the Court tackled that task anew, contrasting the various methodologies used by the lower courts, and setting upon the "lodestar" approach for determining the reasonable fee, in contrast to the co-called "Johnson approach" (which relied upon a list of twelve factors set out in Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)). The problem with the Johnson approach, said the Supreme Court, was that it "set attorneys' fees by reference to a series of sometimes subjective factors [that] placed unlimited discretion in trial judges and produced disparate results." Perdue, 130 S. Ct. at 1672 (citation omitted). [1]

---

[1] Plaintiff submits that insofar as Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2007), a pre-Perdue decision, discusses how to determine a reasonable hourly rate, it is at odds with the holding and reasoning of Perdue. Arbor Hill abandoned the lodestar and emphasized the Johnson factors—an approach explicitly rejected by the Supreme Court. Perdue, 130 S. Ct. at 1672. See Trustees of the N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines, 09 Civ. 9997, 2011 U.S. Dist. LEXIS 22041 at *10-13, n. 7 (S.D.N.Y. Mar. 4, 2011); Shepard v. Law Offices of Cohen and Slamowitz, 08 Civ. 6199, 2010 U.S. Dist. LEXIS 125224 at *6-8 (S.D.N.Y. Nov. 29, 2010).

3

The Supreme Court pointed out that the "lodestar approach… achieved dominance in the federal courts after our decision in Hensley v. Eckerhardt, 461 U.S. 424 (1983). Since that time, the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence." Perdue, 130 S. Ct. at 1672 (citations and quotations omitted). As the Court declared:

> Although the lodestar method is not perfect, it has several important virtues. First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to "the prevailing market rates in the relevant community." Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administrable; and unlike the Johnson approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.

Id. (citations omitted, emphasis in original).

When the Court adopted the lodestar approach in Hensley, it stated: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." Hensley, 461 U.S. at 433; Perdue, 130 S. Ct. at 1673 (one of the lodestar's "chief virtues" is that it provides "a calculation that is objective"). On the other hand, the district court is given discretion in granting a fee award and assessing a reasonable fee in light of the circumstances of the case. Hensley, 461 U.S. at 437; Luciano v. Osten Corp., 109 F.3d 111 (2d Cir. 1997).

With respect to determining the reasonable hourly rate, "the lodestar looks to 'the prevailing market rates in the relevant community.'" Perdue, 130 S. Ct. at 1672 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). In Blum, Legal Aid Society attorneys had represented the

4

prevailing civil rights plaintiffs, and the issue presented was how to set a reasonable hourly rate under § 1988. The Blum court started by examining § 1988's legislative history, noting that "Congress directed that attorney's fees be calculated according to standards currently in use under other fee-shifting statutes: 'It is intended that the amount of fees awarded under [§1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" Blum, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)). The Court, continued

> the critical inquiry in determining reasonableness is now generally recognized as the appropriate hourly rate… To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

Id. at 898.

Perdue describes a reasonable fee, set at the "prevailing market rate in the relevant community," as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 130 S. Ct. at 1672 (citing Pennsylvannia v. Delaware Valley Citizens' Council, 478 U.S. 546, 565 (1986)); see also Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); LeBlanc- Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998). Because employment litigation like civil rights litigation is risky, defendants often win at trial, and contingency fee arrangements often mean that plaintiffs' attorneys absorb expenses from unsuccessful cases, a relatively few members of the bar are willing to regularly undertake litigation of employment discrimination/ retaliation cases. All of these factors mean that "induc[ing] a capable attorney to undertake the representation of a meritorious civil rights

5

case," Perdue, 130 S. Ct. at 1672, requires that the courts grant full "lodestar" recoveries in successful cases, including reference to the "prevailing market rates in the relevant community… governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" Blum, 465 U.S. at 893.

A "reasonable hourly rate" has also been described as "one that grants the successful civil rights plaintiff a full compensatory fee, comparable to what is traditional with attorneys compensated by a fee-paying client." Missouri v. Jenkins, 491 U.S. 274, 286 (1989) (internal citations and quotation marks omitted). As former Chief Justice Rehnquist recognized, the reasonableness of a fee should be determined "in light of both the traditional billing practices in the profession, and the fundamental principle that the award of a 'reasonable' attorney's fee under § 1988 means a fee that would have been deemed reasonable if billed to affluent plaintiffs by their own attorneys." Riverside v. Rivera, 477 U.S. 561, 591 (1986) (Rehnquist, Ch. J., dissenting).

The relevant community for a fee determination is the judicial district in which the trial court sits—here, the Southern District of New York. See Arbor Hill, supra, 522 F.3d at 190, n. 5.

## II. The Attorneys' Fees sought by the Plaintiff's Counsel are Reasonable and Growing.

The Plaintiff's counsel collectively expended over 2,000 hours prosecuting this matter. They did so on a contingency basis without any guarantee of recovery. In light of the hours and resources the Cochran Firm dedicated to this matter, without any guarantee of payment for its time and considering the case's compressed schedule, the firm clearly is entitled to reasonable fees for its work. This case was not an easy one to win. Thus, the Plaintiff's success in litigating this matter was a result of having skilled and experienced counsel during the course of this hard

6

fought litigation. In considering the jury award and work performed by the Plaintiff's counsel, the Plaintiff would have certainly paid the proposed attorneys' fees which is the subject of this instant application.

Derek S. Sells, Tracey L. Brown, and Stephanie R. Correa each brought significant skill and experience to this case. Their qualifications are detailed in the Affidavit of Derek S. Sells in support of the motion at pages 7-10.

### A. Prevailing Attorney Rates in the Southern District of New York

A Court must look at the market rates currently "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). Plaintiff's proposed billing rates are consistent with the market. See, e.g., Rozell v. Ross Holst, 576 F.Supp.2d 527, 544-546 (S.D.N.Y. 2008) (finding a rate of $600.00 for partners and $265.00 for junior associates appropriate); Wilson v. Nomura Sec. Int'l Inc., 2002 1560614, at *3 (S.D.N.Y. July 15, 2002) rev'd in part on other grounds, 361 F.3d 86 (2d Cir. 2004) (a rate of $525 in discrimination action for a founding partner of a plaintiff's employment firm appropriate); Silberblatt v. Morgan Stanley, 524 F.Supp.2d 425, 434 (S.D.N.Y. 2007) (a partner's $550 hourly rate was found reasonable).

### B. Plaintiff's Discrimination and Retaliation Claims were Sufficiently Intertwined Such That No Reduction is Warranted for the Work Performed on the Dismissed Claims.

On Summary Judgment, Judge Scheindlin dismissed the Plaintiff's race discrimination claims leaving his retaliation claims to be tried. However, to the extent Defendants may argue that the Plaintiff's attorneys' fees and costs should be reduced as a result of Judge Scheindlin's Order on their Summary Judgment motion, such an argument is unavailing where, as here, the dismissed claim and the surviving claim are intertwined. Specifically, in matters where the

7

"successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee." Weingarten v. Optima Communications Systems, Inc., 544 F.Supp.2d 193, 197 (S.D.N.Y. 2008) (J. Scheindlin) (citing Bonner v. Guccione, No. 94 Civ. 7735, 2000 WL 12152, at *2-3 (S.D.N.Y. Jan. 6, 2000). Although the trial was limited to Mr. Campbell's retaliation claims, significant time was spent on showing that Mr. Campbell's complaints of discrimination were made in good faith. As such, Plaintiff's counsel presented to the jury evidence of discrimination that led Mr. Campbell to take the protected action of complaining to Defendants because of his race.

### III. THE COCHRAN FIRMS HOURS ARE REASONABLE AND DOCUMENTED WITH THE REQUISITE SPECIFITY.

Attorneys practicing in this Circuit are required to keep contemporaneous billing records setting forth the date, time and services rendered. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff's counsel has done so in this case. See Derek S. Sells' Declaration at Exhibit 3.

Specifically, Derek Sells has billed 1,046.45 hours at $500.00 per hour for a total of $523,225.00. Tracey Brown has billed 592.52 hours at $500.00 per hour for a total of $297,750.00. And, Stephanie Correa has billed 399.90 hours at $300.00 per hour for a total of $119,970.00. Collectively, the grand total for the Cochran Firm's attorney's fees (excluding the time for making this fee application and any subsequent work) is $940,955.00.

These rates are more than reasonable under this Circuit's prior precedent. See Rozell v. Ross Holst, supra, at 544-546 ($600 per hour for partners, $265 for associates is appropriate); Wilson, supra, at *3 (upholding rate of $525 for founding member of Plaintiff's employment firm); and Silberblatt, supra, at 434 ($550 partner rate allowed).

8

Courts have upheld the use of multiple attorneys working on a single litigation. Simmonds v. New York City Depart. of Corrections, 2008 WL 4303474, at *6 (S.D.N.Y. 2008). It has been noted in the Second Circuit that "[p]revailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist." Id. (citing Seigal v. Merrick, 619 F.2d 160, 164 (2d Cir. 1980)).

## IV.   PLAINTIFF IS ENTITLED TO ADDITIONAL FEES AND COSTS.

### A. Plaintiff is Able to Recover Fees for Work Done on Preparing Attorneys' Fee Application.

Plaintiff's Counsel can recover for its work expended in preparing the instant fee application. Reiter v. Metro. Transp. Auth. of N.Y., 2007 WL 2775144 at *18 (S.D.N.Y. Sept. 25, 2007) ("It is well settled that the time spent on a fee application is itself compensable.") (*citing* Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183-1184 (2d Cir. 1996).

Accordingly, the time submitted for preparing the instant fee application is reasonable and the Plaintiff should be compensated. Since the hours expended on the instant application are incomplete considering the Plaintiff anticipates submitting a reply brief to the Defendants' Opposition, the Plaintiff respectfully requests the Court permit the Plaintiff to submit a supplemental application detailing the complete hours and to the extent an appeal is undertaken, the time spent on the appeal as well.

### B. Plaintiff's Attorneys Should Be Compensated for Costs.

Pursuant to the New York City Human Rights law and Federal Rule of Civil Procedure 54 (d), plaintiff seeks an award of costs in this case. As a prevailing party, the plaintiff is entitled to recover reasonable out-of-pocket expenses incurred during the litigation that would normally be charged to a fee-paying client. Attached as Exhibit 4 is a listing of those expenses, with

9

documentation supporting the major underlying expenses. These expenses are of the type routinely billed by counsel to fee-paying clients and were actually and necessary items incurred to prosecute this case. See, e.g., LeBlanc-Sternberg v. Fletcher, supra, 143 F.3d at 763 (2d Cir. 1998); The total out-of-pocket expenses incurred by plaintiff is $88,029.38.

## CONCLUSION

WHEREFORE, plaintiff respectfully requests that this Court award a total of $1,028,984.38 as attorneys' fees and costs to the Cochran Firm as counsel for the prevailing parties in this litigation, in the following amounts:

A. Attorney's fees for Stephanie R. Correa at the rate of $300 per hour for 399.90 hours spent on this litigation through the date of this application, for a total of $119,970.00;

B. Attorney's fees for Derek Sells at the rate of $500 per hour for 1,046.45 spent on this litigation through the date of this application, for a total of $523,225.00;

C. Attorney's fees to Tracey Brown at the rate of $500 per hour for 595.52 hours spent on this litigation through the date of this application, for a total of $297,760.00;

D. Reasonable costs and expenses in the amount of $88,029.38; and

E. Additional attorney's fees, costs, and expenses for preparing this motion doing a reply submission and any work done on appeal, will be documented in supplemental papers.

Dated: New York, New York
August 23, 2012

*/s/ Derek Sells*
Derek S. Sells, Esq. (DS-8891)
Tracey L. Brown, Esq. (TB-4094)
The Cochran Firm
Attorneys for Plaintiff
Patrick Campbell
233 Broadway, 5th Floor
New York, New York 10279

To:

Lisa Dayan, Esq.
Ray McGuire, Esq.
KAUFF McGUIRE MARGOLIS, LLP
Attorneys for Defendants
950 Third Avenue
New York, New York 10022